UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-MJ-02896-REID

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID KNEZEVICH,

    Defendant.
_____/

**DETENTION ORDER**

On May 10, 2024, the Court held a hearing pursuant to 18 U.S.C. § 3142(f) in the above-styled case to determine whether David Knezevich ("Defendant") should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), the Court finds that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. Therefore, it is hereby **ORDERED** that Defendant be detained prior to trial and until the conclusion thereof.

**I.**     **Nature and Circumstances of the Offense**

The government charged Defendant by complaint with kidnapping in violation of 18 U.S.C. § 1201(a)(1).

**II.**     **Weight of the Evidence**

The weight of the evidence against Defendant is sufficient to establish probable cause to support pretrial detention in this case. The government proffered the facts articulated in the complaint, [D.E. 3], which were affirmed and corroborated by the

testimony of Special Agent Alexandra Montilla of the FBI. Because the complaint speaks for itself, we need not recite its allegations in detail here. It suffices to say at this juncture that Defendant is accused of traveling from the United States to Spain to kidnap his estranged wife from her apartment in Madrid. A great deal of circumstantial evidence supports the government's complaint, including Defendant's documented travel through extraordinary means from the United States to Turkey and then to Spain. Additionally, the defendant appears on video surveillance in Spain purchasing materials that may have been used in a kidnapping, all while the Defendant claims to have been elsewhere. The government's complaint is also supported by a strong motive that Defendant may have had to commit this offense given his bitter divorce with the victim.

### III. Defendant's History and Characteristics

The pertinent history and characteristics of Defendant further supports pretrial detention. According to the Pretrial Services Report, Defendant was born in Serbia, but he is a naturalized United States citizen. He has no criminal record, but he does have a history of frequent international travel. Defendant owns and operates a local business, which appears to be successful in light of the substantial assets noted in his Pretrial Services Report. For the reasons that the Court stated on the record at the hearing, we find based on a preponderance of the evidence that Defendant would pose a serious flight risk based on the nature of the charges, his strong foreign ties, his limited domestic ties, and his financial means. Accordingly, there are no

conditions or combinations of conditions that may reasonably assure Defendant's presence at trial, making detention appropriate. *See* 18 U.S.C. § 3142(e).

### IV.  Conclusion

Pursuant to these findings, the Court hereby directs that:

a. Defendant be detained without bond;

b. Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

c. Defendant be afforded reasonable opportunity for private consultation with counsel; and

d. On order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with any court proceeding.

**DONE AND ORDERED** at Miami, Florida, this 3rd day of June, 2024.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

Copies to:
Counsel of Record
Pretrial Services (Miami)