**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-20201-CR-WILLIAMS(s)**

**UNITED STATES OF AMERICA**

**vs.**

**DAVID KNEZEVICH,**
**a/k/a "DAVID KNEZEVIC,"**
**a/k/a "DUSAN KNEZEVIC,"**

**Defendant.**
**_________________________________/**

**UNITED STATES' MOTION TO MODIFY PROTECTIVE ORDER**

The United States of America hereby moves this Court to modify the protective order in this case. Specifically, the United States ask this Court to allow the government to provide the Victim's family and their counsel the discovery in this case, and to allow the Federal Bureau of Investigation to release a limited amount of information to the public to generate leads on the location of the Victim's remains. *See* (DE 44). In support of this motion, the government states as follows.

1. In 2024, a grand jury charged the Defendant with multiple offenses for murdering his wife (the "Victim"). (DE 106). Despite multiple searches in the nearly two years since her death, the Victim's remains have never been located.

2. On April 28, 2025, the Defendant was found deceased. As a result, the United States filed a motion to dismiss the superseding indictment against him, which this Court granted. *See* (DEs 225, 228).

3. During the pendency of the case, this Court entered a protective order that precluded the parties from disseminating discovery material outside of their respective prosecution and defense teams. (DE 44).

4. Recently, the Victim's family has requested the discovery in the instant case. The government has not produced the discovery due to the protective order but would like to do so.

5. The FBI would also like to release information to the public in order to generate leads to locate the Victim's remains. *See, e.g.,* FBI, *Seeking Information, Double Murder* (Sep. 29, 2024), https://www.fbi.gov/wanted/seeking-info/double-murder.

6. "The Eleventh Circuit has not firmly set out a specific standard for modifying a protective order." Andrea Kuperman, *Caselaw Study of Discovery Protective Orders* (July 2010), https://www.uscourts.gov/file/document/caselaw-study-discovery-protective-orders-prepared-andrea-kuperman-law-clerk-judge-lee (citing *SRS Techs., Inc. v. Physitron, Inc.*, 216 F.R.D. 525, 526 (N.D. Ala. 2003)).

7. Nevertheless, it is well recognized that district courts have inherent authority to modify their own orders. *SRS Techs., Inc.*, 216 F.R.D. at 526, 530 (applying a balancing test to determine whether any justification exists for lifting or modifying the protective order); *see also United States v. Bulger*, 283 F.R.D. 46, 53 (D. Mass. 2012) ("[T]his court undeniably has the discretion and the authority to modify or vacate the protective order under Rule 16(d) and/or its inherent power to control the discovery process.").

8. As previously explained by this Court:

> Courts typically conduct "a balancing test to determine whether any justification exists for lifting or modifying [a] protective order. *Santiago v. Honeywell Int'l, Inc.*, Case No. 16-Civ-25359-COOKE/TORRES, 2017 WL 3610599, at *3 (S.D. Fla. Apr. 6, 2017); *Lamar v. Cooper Tire & Rubber Co.*, Case Number: 08-14387-CIV-MARTINEZ-

> LYNCH, 2010 WL 11504480, at *2 (S.D. Fla. Nov. 17, 2010). Such a test involves the weighing of the parties' interests in the proposed modification, including any prejudice to the non-moving party, and 'the interests of judicial efficiency and integrity.' *See Lamar*, 2010 WL 11504480, at *2.

*Davies v. Israel*, No. 0:18-CV-60637-KMM, 2019 WL 13257005, at *1 (S.D. Fla. Aug. 20, 2019).

9. Here, the Defendant will not be prejudiced by the release of information because he is no longer being prosecuted. Moreover, the government has an interest in locating the Victim's remains and providing information about her death to her family.

10. Accordingly, government counsel respectfully requests that this Court modify the protective order in this case to allow the government to provide the discovery in this case to the Victim's family and their counsel, and to allow the Federal Bureau of Investigation to release a limited amount of information to the public to generate leads on the location of the Victim's remains.

11. The undersigned conferred with Bruce Zimet, Esq., one of the attorneys who represented the Defendant before his death, via telephone and email regarding the instant motion. However, the undersigned was unable to obtain the defense team's position on the instant motion.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: **Lacee Elizabeth Monk**
Lacee Elizabeth Monk
Assistant United States Attorney
Florida Bar No. 100322
U.S. Attorney's Office
99 N.E. 4th Street, Miami, FL 33132-2111
(305) 961-9427 | Lacee.Monk@usdoj.gov

**Jessica Kahn Obenauf**
Jessica Kahn Obenauf
Assistant United States Attorney
Florida Bar No. 0052716
U.S. Attorney's Office
101 S. U.S. Highway One; Suite 3100
Ft. Pierce, Florida 34950
(772) 293-0981 | Jessica.Obenauf@usdoj.gov

MATTHEW R. GALEOTTI
ASSISTANT ATTORNEY GENERAL
CRIMINAL DIVISION

**Danielle L. Hickman**
DANIELLE L. HICKMAN
Trial Attorney
United States Department of Justice
Criminal Division
Human Rights and Special Prosecutions Section
Florida Court ID A5502395
CA Bar. No. 193766